**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDI RUSH, | No. 11-56763 |
| Plaintiff - Appellee, | D.C. No. 3:10-cv-00877-BEN-WMC |
| v. | |
| HIGHGROVE RESTAURANTS, INC., DBA Denny's # 7041; ALLEN E. HOM, | MEMORANDUM* |
| Defendants - Appellants. | |

| | |
|---|---|
| SANDI RUSH, | No. 11-57226 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00877-BEN-WMC |
| v. | |
| HIGHGROVE RESTAURANTS, INC., DBA Denny's # 7041; ALLEN E. HOM, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

---

      *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted March 4, 2013[]
Pasadena, California

Before: HAWKINS, THOMAS, and HURWITZ, Circuit Judges.

The district court granted summary judgment to defendant Highgrove Restaurants, Inc., on sixteen of the seventeen Americans with Disabilities Act ("ADA") claims (and the related California law claims) asserted in plaintiff Sandi Rush's first amended complaint. The court granted summary judgment to Rush on her remaining claim, finding that handicapped accessible parking spaces at Highgrove's restaurant violated current Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). Both Highgrove and Rush appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the district court's summary judgment against Highgrove and remand, but otherwise affirm.

1. Highgrove is required under the ADA only to make "readily achievable" modifications to an existing facility that complied with the Act when constructed. 42 U.S.C. § 12182(b)(2)(A)(iv); *see* 28 C.F.R. § 36.104 (defining an existing facility as "a facility in existence on any given date, without regard to whether the facility may also be considered newly constructed or altered under this part"); 28 C.F.R. pt. 36,

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

app. A ("A newly constructed facility remains subject to the accessibility standards in effect at the time of design and construction, with respect to those elements for which, at that time, there were applicable ADA Standards. That same facility, however, after construction, is also an existing facility, and subject to the public accommodation's continuing obligation to remove barriers where it is readily achievable to do so."). In granting summary judgment, the district court erroneously treated Highgrove's restaurant, built in 1997, as a new construction automatically subject to the requirements of the current ADAAG, instead of considering whether modifications to the existing facility were "readily achievable."

2. Rush's briefing on appeal does not contend that the district court erred in dismissing the sixteen other counts of her first amended complaint. Instead, she briefs at length two issues identified in a Joint Petition for Initial Hearing En Banc that was previously denied by this Court.

But neither issue is relevant to this case in its current posture. First, Rush contends that *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), which discusses the particularity of pleading required in an ADA complaint, conflicts with *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832 (9th Cir. 2007). The district court, however, did not dismiss any counts in Rush's first amended

3

complaint for failure to plead with particularity.[1]  Rush's second argument concerns

*Oliver*'s treatment of van accessible signage; however, because the parties stipulated

that this issue was remediated, the district court correctly dismissed the relevant count

of the first amended complaint as moot.

We therefore vacate the portion of judgment below in favor of Rush and

remand for the district court to determine in the first instance (1) whether the

restaurant's parking spaces met the requirements of the version of the ADAAG in

effect in 1997, and (2) if so, whether adapting the spaces to meet current standards is

"readily achievable."  We affirm the balance of the district court's judgment.

Highgrove is awarded its costs on appeal.

**VACATED IN PART AND AFFIRMED IN PART.**

---

[1]     Perhaps Rush is objecting to the district court's refusal to consider additional alleged violations first identified by her expert in an untimely affidavit submitted in response to Highgrove's motion for summary judgment.  But because none of these violations were the subject of Rush's first amended complaint, and she did not seek leave to file a second amended complaint, these additional claims are not before us.